# EASTER *v.* TATELBAUM, TRUSTEE
[No. 52, October Term, 1951.]

*Decided December 7, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Herbert L. Grymes* for the appellant.

*Joseph W. Spector* for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

Andrew J. Easter, landlord of Honey Lane, Inc., a restaurant corporation, is appealing here from a decree of the Circuit Court of Baltimore City ratifying the auditor's account in trusteeship proceedings on condition that the trustee would pay him $250 for rent for his restaurant building situated at 6608 Belair Road.

Appellant had leased his building to the corporation for five years, beginning December 1, 1948. On January 6, 1950, the corporation executed a deed of trust to Hyman P. Tatelbaum, and the Circuit Court assumed jurisdiction of the trust. On January 12 National Store Fixture Sales Company filed a petition alleging that it had sold to the corporation certain booths, settees, tables, chairs, stands and other equipment on conditional contracts of sale, and there was due thereon the sum of $5,294.63. On January 17 Louis I. Swimmer filed a similar petition alleging that National Store Fixture Sales Company had sold other equipment to the corporation on conditional contract of sale, which had been assigned to him, and there was due thereon the sum of $4,182.

The trustee planned to sell the restaurant equipment at auction on January 24, 1950, but appellant requested the Court (1) to revoke the order authorizing sale of the equipment, (2) to disallow the claim of National Store Fixture Sales Company, and (3) to declare the entire contents of the restaurant building to belong to appellant. After a hearing on appellant's petition, the trustee agreed to postpone the sale. Appellant then filed a petition to exclude the air conditioning system and the kitchen stoves from the sale. It was subsequently decided by agreement of counsel that the air conditioning system was a fixture and would not be sold by the trustee, while the kitchen stoves were not fixtures and might be sold by the trustee.

On March 6, 1950, the trustee sold the restaurant equipment at auction for $13,000. Prior to the sale appellant had filed a claim for rent for the months of

October, November and December, 1949, and January, 1950, and also a claim for the month of February, 1950. After the sale he filed a petition to require the trustee to pay a consolidated claim for rent in the aggregate sum of $2,873.75. The trustee answered that it was impossible at that time to determine whether or not there would be any funds in the trust estate with which to pay any part of the landlord's claim. On May 9 the Court authorized the auditor to allow the claim, subject to the usual exceptions. The auditor's account, however, made no allowance for rent, and appellant excepted to the account. On April 24, 1951, the Court heard arguments on the exceptions, but withheld decision in order to give appellant further time in which to investigate what distrainable articles were in the inventory. On May 2 appellant's attorney presented a list of articles appraised at $6,808.72, which he claimed were not covered by conditional contracts of sale and were subject to distraint. He then agreed to "submit to the jurisdiction of the Court" upon that statement without testimony. The Court ratified the auditor's account on condition that Joseph W. Spector, attorney for the trustee, would pay out of his counsel fee of $1,051.92, which was allowed in the account, $250 to Andrew J. Easter, landlord, $50 to Max Blum, appraiser, and $100 to Lester Ellin, auditor. That was a final decree. Two days later, however, appellant's attorney asked the Court for permission to file "An Offer of Proof and Exhibit." Thereupon on May 4 the Court filed a revised decree reciting that the papers in the case had been read and considered, and ordering the trustee, instead of the trustee's attorney, to pay the landlord, appraiser and auditor. The Court afterwards explained that appellant's attorney was permitted to file his paper on May 4 without notice to the trustee and without any evidence of its authenticity.

The insolvency statute provides that whenever any person or corporation shall make an assignment for the benefit of his or its creditors, in the distribution of

the property or estate of such person or body corporate, all the money owing from such person or corporation for rent of any real or leasehold property in this State due not more than three months, but not actually distrained for, before the execution of such assignment, shall constitute a lien on, and shall be paid in full out of, the distrainable property of such person or corporation, to the same extent as if distraint had been levied by the landlord before such execution. Laws 1933, ch. 48, Code 1939, art. 47, sec. 16.

The distraint statute now contains a proviso that if the landlord shall distrain upon any personal property on his premises not exempt under the statute, it shall be the duty of the landlord, before the sale of such property shall be made under the distraint proceedings, to ascertain whether or not any such property is being purchased by the tenant under a conditional contract of sale, and if it shall be found that any of such property is being purchased by the tenant under such a contract, and if such contract shall have been duly executed and recorded prior to the levy under the distraint, the landlord shall either release such property from the distraint proceedings or pay the vendor named in the contract the balance due under the contract, and if the balance is paid by the landlord, it shall become a part of the costs in the distraint proceedings. Code Supp. 1947, art. 53, sec. 18.

Appellant contends (1) that his claim for $673.86 for rent for three months before the execution of the deed of trust on January 6, 1950, was a lien on all distrainable articles on his premises, and (2) that his claim for rent for subsequent months should have shared ratably with the expenses of sale, trustee's commissions and other administration expenses. He now concedes that the cash register, deep freeze and electric dish washer, which were included in his list presented to the Court on May 2, and which were appraised at $1,150, were covered by conditional contracts of sale; but he

still claims that there were distrainable articles appraised at $5,658.70.

But we find from the record that the Court passed an order on May 9, 1950, directing the trustee to pay $5,294.63 to National Store Fixture Sales Company in settlement of its claim under its conditional contracts of sale. The trustee appealed from that order, but on January 10, 1951, the order was affirmed by the Court of Appeals. *Tatelbaum v. National Store Fixture Sales Co.,* 196 Md. 599, 78 A. 2d 228. That order was a mandate to the trustee to pay the specified amount. During the entire time when the claim was being litigated, appellant interposed no objection to its payment. He cannot now complain of that payment, as the matter is *res judicata.* Likewise he cannot object now to the payment of $4,182 to Louis I. Swimmer in settlement of his claim under a conditional contract of sale, in accordance with an order passed on October 9, 1950. The payment of these two claims totalling $9,476.63 reduced the assets of the trust estate to $3,570.50. This residue was consumed by court costs, bond premiums, advertising expenses, auctioneer's charge for the sale, trustee's commissions, counsel fees and other expenses of administration. The expenses of administration have priority over the landlord's claim for rent due at the time of the assignment for benefit of creditors. As to the landlord's claim for rent subsequent to January 6, 1950, we need only to say that the trustee had planned to hold the sale of equipment on January 24, 1950, and the sale was postponed upon appellant's request, and appellant immediately afterwards put a "For Rent" sign on the premises and sought to obtain a new tenant. We assume that the Court's order for the payment of $250 to appellant was to settle in full for the use of his property after the institution of the trusteeship proceedings.

Appellant insists that he should be given another opportunity to present evidence to show the value of the distrainable articles. But it appears that he was accorded ample opportunity to present such evidence. Nearly

two years ago he filed his first petition claiming title to all of the equipment in the restaurant. The Court promptly dismissed that claim. He then claimed the air conditioning system and the kitchen stoves, and it was mutually agreed that he should have the air conditioning system, while the stoves should be offered for sale. The sale was postponed from January 24, 1950, to March 6, 1950, to give him more time to investigate the title to various articles. He made no further effort to exclude any other articles from the sale. He attended the sale and participated in it.

*Decree affirmed, with costs.*